# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BRIANCA MICHELLE SHEELY,** *Plaintiff,* v. **WARNER ROBINS HOUSING AUTHORITY,** *Defendant.* | CIVIL ACTION NO. 5:25-cv-00263-TES |

## ORDER

In her Recast Complaint [Doc. 5], pro se Plaintiff Brianca Michelle Sheely brings several claims against Defendant Warner Robins Housing Authority in relation to her residence and subsequent eviction from housing owned and operated by Defendant. The Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*, but directed Plaintiff to file a recast complaint to allow the Court to properly screen the filing under 28 U.S.C. § 1915(e). *See* [Doc. 3]. Plaintiff initially filed a Recast Complaint on July 18, 2025 [Doc. 4], but later filed a superseding Recast Complaint [Doc. 5] that "replaces the previously submitted version due to a misinterpretation noted in public records." [Doc. 5-2, p. 1]. Taking the most recent Recast Complaint under review, the Court may now screen the pleading according to § 1915(e).

**FRIVOLITY SCREENING**

I. **Legal Standard**

Since Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) requires the Court to review her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[1] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal

---

[1] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

2

procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

II. **Plaintiff's Complaint**

Plaintiff's allegations stem from her time as a resident that the Defendant owned and operated. Plaintiff primarily alleges that Defendant violated her right to privacy under 42 U.S.C. § 1983 and O.C.G.A. § 44-7-33, breached housing standards under 24 C.F.R. § 982.401 and O.C.G.A. § 44-7-13, retaliated against Plaintiff under the Fair Housing Act, and suffering from intentional infliction of emotional distress as a result of Defendant's actions. [Doc. 5, p. 3]. According to Plaintiff's Recast Complaint, Plaintiff lived as a tenant in a property owned and operated by Defendant. [Doc. 5, p. 1]. Plaintiff alleges that during her tenancy, Defendant's staff entered her residence "on multiple occasions without providing the mandatory 24-hour written notice, in violation of O.C.G.A. § 44-7-33(b) and federal housing regulations." [*Id.*]. Plaintiff furthermore alleges multiple unsafe and uninhabitable living conditions and that Plaintiff had been displaced from her residence without notice, hearing, or explanation. [Doc. 5, p. 2].

Plaintiff, however, once again fails to allege sufficient facts for the claims she seeks to bring before the Court. As explained in the Court's previous Order [Doc. 3], "[u]nder the Fair Housing Act, it is unlawful '[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.' 42 U.S.C. § 3604(b)." [Doc. 3, p. 5]. As written, Plaintiff's Recast

4

Complaint fails to support a claim under the Fair Housing Act. Plaintiff again fails to allege discrimination of any kind. As such, Plaintiff's claim under the Fair Housing Act does not pass muster and must be dismissed by the Court.

Furthermore, Plaintiff's claim under 42 U.S.C. § 1983 is likewise insufficient. Here, the lone named Defendant is the Warner Robins Housing Authority ("WRHA"), which presumably exists as an arm of the City of Warner Robins. While municipalities are considered "persons" for purposes of § 1983, they "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, while local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," they can be held liable "when execution of a . . . policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Epps v. Watson*, 3:05-CV-68(CDL), 2006 WL 8445883, at *8 (M.D. Ga. May 25, 2006) (first citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); and then citing *Monell*, 436 U.S. at 694) ("It is true that a local government entity may not be held liable under § 1983 solely for the acts of its employees—§ 1983 liability must be predicated upon the acts of the *entity*."), *aff'd*, 492 F.3d 1240 (11th Cir. 2007). However, in the instant case, Plaintiff has alleged virtually no facts to indicate that any employee of Defendant acted in accordance with any policy or custom promulgated by Defendant. It is not clear from

Plaintiff's Recast Complaint whether such custom or policy even exists. Without more, Plaintiff's bare allegation that WRHA staff entered her home unannounced cannot sustain a claim under § 1983 against Defendant WRHA.

Plaintiff also included a claim for a "breach of housing standards" under Count II of her Recast Complaint under 24 C.F.R. § 982.401 and O.C.G.A. § 44-7-13. [Doc. 5, p. 3]. However, the Code of Federal Regulations (C.F.R.) does not provide a private cause of action against HUD or a public housing agency such as the WRHA. 24 C.F.R. § 982.406. Therefore, Plaintiff may not bring a claim against WRHA under § 982.401.

Similarly, Plaintiff's claims under O.C.G.A. § 44-7-13 and O.C.G.A. § 44-7-33 as well as her claim for intentional infliction of emotional distress under Count IV are state law claims. Because Plaintiff has no other federal law claims to anchor these state law claims, the Court will decline to exercise supplemental jurisdiction. Therefore, Plaintiff may not bring her state law claims before this Court.

## CONCLUSION

Accordingly, upon review of Plaintiff's Recast Complaint under 28 U.S.C. § 1915(e), the Court **DISMISSES** it **with prejudice** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 21st day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**